# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# AT LONDON

CIVIL ACTION NO. 17-322-DLB

JOHN JOSE WATFORD                                                                                        PETITIONER

VS.                      **MEMORANDUM OPINION AND ORDER**

J. RAY ORMOND, Warden,                                                  RESPONDENT

\* \* \* \* \* \* \* \* \* \* \* \*

In November 2017, federal inmate John Jose Watford filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. # 1). Watford subsequently filed an amended petition pursuant to directions from the Court. (Doc. # 11). Watford has now filed a Motion to Amend his petition a second time, and has tendered the proposed amended petition. (Doc. # 13). Because the tendered second amended petition is not materially different from the first, the Court will grant Watford's Motion to Amend. This tendered amended petition (Doc. # 13-1) will stand as his final petition in this matter.

In the same motion, Watford requests that this Court transfer his § 2241 petition to the United States District Court for the Northern District of Indiana, which is the court that imposed his sentence. As grounds, Watford asserts that unlike the Sixth Circuit, courts within the jurisdiction of the Seventh Circuit Court of Appeals recognize as retroactively applicable to cases on collateral review those decisions of the Supreme Court upon which he relies in his petition, including *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016), *Descamps v. United States*, 570 U.S. 254 (2013); and *Begay v. United States*,

553 U.S. 137 (2008). While Watford relies upon *Holt v. United States*, 843 F. 3d 720 (7th Cir. 2016) for this proposition, it holds just the opposite. *Id.* at 721.

Regardless, the Court must deny this Motion because only Watford's custodian in this district, not the sentencing court, can grant him relief under § 2241. *Rumsfeld v. Padilla*, 542 U.S. 426, 435, 442-43 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); 28 U.S.C. § 2241(a) (authorizing federal courts to grant habeas relief "within their respective jurisdictions."). And the mere fact that the proposed transferee jurisdiction operates under legal precedent that the movant perceives to be more amenable to his claims provides no legitimate basis for transfer in any event. *Yoder v. Ryan*, 318 F. Supp. 2d 601, 606 (N.D. Ill. 2004) ("... plaintiffs' belief that this venue is more favorable to their claim is not a justification for denial of a motion to transfer.").

This matter is before the Court to conduct an initial screening of Watford's second amended petition (Doc. # 13-1). 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In September 1997, a jury in South Bend, Indiana found Watford and his cohort guilty of three armed bank robberies, resulting in six convictions: three for assault with a deadly weapon during the commission of a bank robbery in violation of 18 U.S.C. § 2113(d), and three more for using and carrying a firearm during the commission of a crime of violence in violation of 18 U.S.C.§ 924(c). There was also evidence of uncharged bank robberies in Indianapolis and Anderson, Indiana, but it did not inform either his convictions or sentences.

The presence report indicated that Watford had prior convictions in 1990 in Florida for burglary of a dwelling and in 1994 in Pennsylvania for aggravated assault. The trial court concluded that both convictions were for "crimes of violence," the former under U.S.S.G. § 4B1.2(a)(2), and the latter as one involving the use of force under U.S.S.G. § 4B1.2(a)(1). Because Watford had two or more prior convictions for crimes of violence, he was subject to the career offender enhancement found in § 4B1.1(a) of the Sentencing Guidelines. This increased his offense level from 25 to 34. It also established a criminal history category of VI, although this would have been true even without the enhancement in light of his 13 criminal history points.

Watford was thus subject to a sentencing range under the guidelines of 262 to 327 months imprisonment for the three § 2113(d) convictions. By statute, Watford also faced a mandatory 60-month prison term for his first § 924(c) conviction and mandatory 240-month prison terms for each of his second and third § 924(c) convictions, each of which must be served consecutively to any other prison term. As a result, Watford's sentencing range was 802 to 867 months imprisonment. The trial court considered at length the factors set forth in 18 U.S.C. § 3553(a), and in February 1998 sentenced Watford to 802 months imprisonment, at the very bottom of the permissible sentencing range. *United States v. Watford*, No. 3: 97-CR-26(2)-RLM (N.D. Ind. 1997) (Doc. #27, 61, 99, 101 therein). The Seventh Circuit affirmed on direct appeal in all respects. *United States v. Watford*, 165 F. 3d 34, 1998 WL 743924 (7th Cir. Oct. 22, 1998).

Since that time, Watford has filed several dozen motions, petitions, or requests for various forms of relief from his convictions, sentences, fines and restitution, all without success. So extensive and repetitive were Watford's filings that in 2016 the Seventh

3

Circuit imposed a $500.00 sanction and conditional filing restrictions upon him. *Watford v. United States*, No. 16-1404 (7th Cir. Mar. 15, 2016).

In his present § 2241 petition, Watford contends that his prior offenses did not properly constitute "crimes of violence" within the meaning of U.S.S.G. § 4B1.2(a) in light of *Mathis*, *Descamps*, and *Begay*, and thus his sentence was improperly enhanced as a career offender pursuant to U.S.S.G. § 4B1.1(a). (Doc. # 13-1 at 5).

Use of § 2241 petition as a vehicle to challenge the validity of a sentence is only permissible where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that—as a matter of statutory interpretation—a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. *Hill v. Masters*, 836 F. 3d 591, 599-600 (6th Cir. 2016).

Watford's claims clearly satisfy the first criteria and likely the second, but not the third, and hence are not cognizable in this § 2241 proceeding. First, his claim under *Begay* necessarily fails because that decision's analysis of 18 U.S.C. § 924(e)(2)(B)(ii)'s residual clause—a provision not even at issue in Watford's case—was abrogated by the Supreme Court's invalidation of that provision on constitutional grounds in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015).

Watford's reliance upon *Descamps* and *Mathis* is likewise misplaced. First, neither decision even discussed the substantive reach or meaning of either the phrase "crime of

4

violence" as used in § 4B1.2(a) or whether the prior state offenses from Florida and Pennsylvania used to enhance Watford's sentence qualified as such. Instead, both decisions were merely procedural, discussing the analytical framework established in *Taylor v. United States*, 495 U.S. 575 (1990), a decision issued well **before** Watford's sentence was imposed. In *Descamps*, the Supreme Court only clarified that under *Taylor*, resort to the modified categorical approach is not appropriate where the underlying state conviction was pursuant to an indivisible statute. *Descamps*, 570 U.S. at 261-62 (citing *Taylor*, 495 U.S. at 602). For its part, *Mathis* merely reiterated that a statute is divisible, hence permitting resort to the modified categorical approach, only when it sets forth alternative elements, hence defining multiple crimes in a single statute, but not when it merely sets forth alternative factual means to commit a single offense. *Mathis*, 136 S. Ct. at 2249, 2251-52 (citing *Taylor*, 495 U.S. at 602).

Watford does not allege the trial court impermissibly used the modified categorical approach to analyze his prior offenses, and hence makes no claim actually grounded in *Mathis* or *Descamps* at all. Instead, he merely argues a claim predicated upon *Taylor*: that the Florida and Pennsylvania statutes under which he was convicted are broader than their "generic" counterparts. (Doc. # 13-1 at 5). Because that decision was issued nearly a decade before his sentence was imposed, Watford was obligated to pursue any claim under on it direct appeal, and resort to § 2241 is unavailable. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003); *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

Finally, even if this were not so, Watford's claims do not fall within the scope of the narrow exception carved out in *Hill* because neither of these decisions is retroactively

5

applicable to cases on collateral review. The Supreme Court in *Mathis* made plain that its decision, being "all but resolved" by 25-year-old precedent, was not retroactive. *Mathis*, 136 S. Ct. at 2257. The Sixth Circuit has expressly so held. *In re: Conzelmann*, 872 F.3d 375 (6th Cir. 2017). *Descamps* is likewise not retroactively applicable to cases on collateral review in order to permit resort to § 2241. *See United States v. Davis*, 751 F. 3d 769, (6th Cir. 2014) ("The Supreme Court in *Descamps* explained that it was not announcing a new rule, but was simply reaffirming the *Taylor*/*Shepard* approach, which some courts had misconstrued. *Id.* at 2283 ("Our caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case.")); *United States v. Montes*, 570 F. App'x 830, 831 (10th Cir. 2014); *Rucker v. Cross*, No. 15-CV-206-DRH, 2015 WL 1344435, at *3 (S.D. Ill. Mar. 23, 2015); *Greer v. Wilson*, No. 13-3185 SRN/FLN, 2015 WL 179387, at *5 (D. Minn. Jan. 14, 2015) (collecting cases).[1]

Because Watford's claims are not actually based upon *Descamps* and *Mathis*, and could not be pursued under § 2241 even if they were, his petition must be denied. Accordingly,

**IT IS ORDERED** as follows:

(1)    Watford's Motion to file an amended petition (Doc. # 13) is **GRANTED**;

---

[1] *Hill* is not to the contrary, as the Sixth Circuit merely accepted for purposes of that particular case the government's concession of the issue. *Hill*, 836 F. 3d at 596 ("... the Government concedes that *Descamps* and *Royal* apply retroactively."). In addition, the panel undertook no independent analysis and reached no conclusion on that legal question. It is a separate question whether it is ever appropriate for a federal trial or appellate court to uncritically accept a party's "concession" that a particular claim is or is not cognizable under § 2241. *See Chaplain v. Warden, U.S. Atty. Gen.*, 564 F. App'x 438 (11th Cir. 2014) ("… we may no longer rely on the Government's concession [] [b]ecause the applicability of the savings clause is a threshold jurisdictional issue that cannot be waived.") (citing Bryant *v. Warden*, 738 F.3d 1253, 1271 (11th Cir. 2013)).

(2) Watford's Motion to transfer his petition to the Northern District of Indiana (Doc. # 13) is **DENIED**;

(3) Watford's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 13-1) is **DENIED**;

(4) Watford's Motion for an order directing the respondent to show cause why the petition should not be granted (Doc. #14) is **DENIED**;

(5) The Court will enter a corresponding Judgment; and

(6) This action is **DISMISSED** and **STRICKEN** from the Court's docket.

This 22nd day of March, 2018.

Signed By:
David L. Bunning
United States District Judge

K:\DATA\ORDERS\ProSe\17-322-DLB Order.docx